UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CIVIL CASE NO.: 0:11-cv-60911-DLG

FRANK MANFRED, II,
and others similarly situated,

   Plaintiff,
vs.

CAB ASSET MANAGEMENT, LLC,

   Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND MEMORANDUM OF LAW

COMES NOW, Defendant, CAB Asset Management, LLC, and files this Motion to Dismiss pursuant to FRCP 12(b)(1), and states:

**A. Factual Background.**

This matter arises out of allegations that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, *et seq.* (the "FDCPA") in attempting to collect an unpaid bill from Plaintiff. (DE 1 at ¶ 1)[1]

On August 10, 2011, and again on September 22, 2011, the Defendant made a settlement offer to resolve the FDCPA claims for $1001.00, plus reasonable attorney fees and costs. *See*, Exhibits 1 and 2, respectively. Both were formal Offers of Judgment pursuant to Rule 68 F.R.Civ.P. Both offers expired without any response from Plaintiff.

On or about September 16, 2011, Plaintiff served his Rule 26 disclosures. *See,* Exhibit 3. In that document, Plaintiff stated that his FDCPA damage claim is comprised solely of "statutory damages of up to $1,000 pursuant to 15 U.S.C. §1692k(a)(2)." *Ibid.* Defendant's Offers

---

[1] While the case was filed as a putative class action, Plaintiff has never moved for class certification. The deadline for filing any such motion expired on October 28, 2011. DE 12 at p. 8.

exceeded the Plaintiff's damage claims. As such, Defendant's Offers of Judgment rendered moot Plaintiff's case.

### B. Determination of Jurisdiction/Rule 12(b)(1).

Federal courts must determine that they have jurisdiction before proceeding to the merits. *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 94-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Courts have an independent obligation to determine whether subject-matter jurisdiction exists. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (*citing Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999)).

Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: "facial attacks," which require a court to evaluate a pleading and determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction and "factual attacks," which challenge the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings … are considered." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-1529 (11th Cir. 1990). The attack in this case is factual, meaning, "in short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* The allegation that the Court lacks subject matter jurisdiction is a defense that can never be waived or forfeited. *See, U.S. v. Cotton,* 535 U.S. 625, 630, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002).

In this matter, Defendant moves for dismissal of the Plaintiff's Complaint, under Rule 12(b)(1), because there is no case or controversy which presently exists between the parties.

Plaintiff has been offered 100% of his claimed damages if violations are proven under the FDCPA and 100% of the damages he asserts entitlement to in his Rule 26 Disclosures.

Therefore, he no longer has an ongoing controversy with Defendant under the statute. There is nothing more available to Plaintiff for litigating those claims; therefore, Plaintiff no longer has a personal stake in the outcome of the lawsuit. Accordingly, this Court must dismiss the case for lack of subject matter jurisdiction.

### C. Legal Arguments.

#### 1. No case or controversy exists between the parties.

Article III of the United States Constitution limits the judicial authority of the federal court system to "Cases" and "Controversies." "The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy," and "a federal court [lacks] the power to render advisory opinions." *United States Nat'l Bank of Oregon v. Independent Ins. Agents of America*, 508 U.S. 439, 446 (1993); *citing Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). If a federal court lacks subject matter jurisdiction over a cause of action, the court "shall dismiss the action." Fed. R. Civ. P. 12(h)(3). The case or controversy requirement continues to exist throughout the entire litigation. To sustain jurisdiction, "the parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

An offer that satisfies plaintiff's entire claim for relief eliminates the controversy between the parties and leaves nothing for the court to resolve, effectively mooting the action and removing jurisdiction. Plaintiff's claims, upon filing of the Complaint, initially satisfied the constitutional case or controversy requirement. Since Plaintiff has been offered 100% of the maximum recoverable damages under the FDCPA, he no longer has an ongoing controversy with the Defendant. *See, Ortega v. United Collection Bureau, Inc.,* Case No. 09-22657-Civ-Graham/Torres – DE 36 (S.D. Fla., July 8, 2010); *Murphy v. Equifax Check Services, Inc.,* 35 F.

Supp. 2d 200 (D. Conn. 1999)(letter offering plaintiff $1,000 plus "all reasonable fees and costs as determined by the Court, pursuant to 15 U.S.C. 1692k(a)(3)" mooted plaintiff's FDCPA claims); *Drs. Hill & Thomas Co. v. United States*, 392 F.2d 204, 204 (6th Cir. 1968)(IRS's refund of all taxes paid by plaintiff mooted plaintiff's suit challenging validity Treasury Regulation 301.7701-2.); Outten v. United Collection Bureau, Inc., No. 09-21817-CIV-GOLD (S.D. Fla.April 5, 2010)(defendant's email offer of full damages mooted FDCPA claim); *Brown v. Kopolow*, 2011 WL 283253 (S.D. Fla., Jan. 25, 2011)(same); *Zinni v. ER Solution, Inc.,* 10-80780-CIV-RYSKAMP/VITUNAC (S.D. Fla., April 20, 2011)(same); *Martin v. PPP, Inc.*, 719 F. Supp. 2d 967 (N.D. Ill. 2010)(letter offering full damages on plaintiffs' TCPA claims mooted case); *Damasco v. Clearwire Corp.*, 2010 WL 3522950 (N.D. Ill. Sept. 2, 2010)(same);

There is nothing further for Plaintiff to gain by litigating those claims. As a result, jurisdiction over the Plaintiff's FDCPA claims cannot be sustained.

## 2. Defendant offered full damages Plaintiff would be entitled to recover under the FDCPA should the violations be proven.

Under the FDCPA, Plaintiff can recover no more than $1,000 in statutory damages per action, regardless of the number of violations proven. *See, Harper v. Better Business Servs., Inc.,* 961 F.2d 1561, 1562 (11th Cir. 1992); *Wright v. Finance Serv.*, 22 F.3d 647, 650 (6th Cir. 1994).

Defendant offered $1,001.00, plus reasonable attorneys' fees and costs, which is more than 100% of Plaintiff's claimed maximum damages. Moreover, even if Plaintiff proves violations of the FDCPA, his damages would be limited to the $1,000.00, under the FDCPA, plus reasonable attorney's fees and costs of the action as Plaintiff has indicated that he is not seeking actual damages. Defendant has offered Plaintiff more than full relief.

### 3. **Plaintiff's non-acceptance of the Offer of Judgment is irrelevant.**

"Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Federal Rule of Civil Procedure 12(b)(1), because he has no remaining stake." *Holstein v. City of Chicago*, 29 F.3d 1145, 1146 (7th Cir. 1994) and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake. *Zimmerman v. Bell,* 800 F.2d 386, 390 (4th Cir.1986); *Abrams v. Interco Inc.,* 719 F.2d 23, 32-34 (2d Cir.1983); *Spencer-Lugo v. INS,* 548 F.2d 870 (9th Cir.1977). "Under traditional mootness principles, an offer for the entirety of a plaintiff's claim will generally moot the claim." *Weiss*, at 342.

As Judge Zloch stated in a case involving the same Plaintiff and Plaintiff's counsel as currently before the court, *Manfred v Focus Receivables Mgmt., Inc.*, Case No. 10-60597 – DE 29 (S.D. Fla. April 6, 2011):

> Had Defendant made a Rule 68 offer of judgment to Plaintiff, the Court agrees that whether said offer was accepted by Plaintiff would be of no moment in the Court's analysis. Indeed, it would be the Rule 68 offer of maximum statutory damages itself, and not any subsequent acceptance, that would moot the instant FDCPA claims.

*Id.* (citing, *MacKenzie v. Kindred Hospitals East, LLC*, 276 F. Supp. 2d 1211, 1216 (M.D. Fla. 2003).

As such, Plaintiff's FDCPA claim was rendered moot by the service of Defendant's Offer of Judgment.

### D. Conclusion.

Defendant has twice offered Plaintiff all that he is entitled to recover under the FDCPA. As such, this Court no longer has jurisdiction over this matter and it must be dismissed.

WHEREFORE, Defendant respectfully requests an Order from this Court dismissing this case for lack of subject matter jurisdiction.

Respectfully submitted,

/s/ Dale T. Golden
DALE T. GOLDEN, ESQUIRE
Fla. Bar No. 0094080

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record, this 18th day of November, 2011.

/s/ Dale T. Golden
Dale T. Golden
Fla. Bar No. 0094080
**GOLDEN & SCAZ, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609
813-251-5500
813-251-3675 (f)
dale.golden@goldenscaz.com
**Attorneys for Defendant**