UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 11-60911-CIV-GRAHAM/GOODMAN

**CLOSED CIVIL CASE**

FRANK MANFRED, II,

    Plaintiff,

vs.

CAB ASSET MANAGEMENT, LLC,

    Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [D.E. 34].

**THE COURT** has considered the Motion, the pertinent portions of the record, and is otherwise duly advised in the premises.

Plaintiff filed this action alleging violations of the Fair Debt Collection Act, 15 U.S.C. §1692a, *et seq.* ( the "FDCPA") in Defendant's attempt to collect an unpaid bill.[D.E. 1]. On August 10, 2011, and again on September 22, 2011, the Defendant made a settlement offer to resolve the FDCPA claim for $1,001.00, plus reasonable attorney fees and costs. Both were formal Offers of Judgment pursuant to Rule 68 F.R.Civ.P. Both offers expired without any response from Plaintiff. The defendant now moves for dismissal pursuant to Federal Rule of Civil Procedure 12b(1) for lack of subject matter jurisdiction.

Defendant asserts that Defendant served Plaintiff with a Rule 68 Offer of Judgment,("Offer of Judgment"), that provides all Plaintiff could hope to recover in this case. Therefore, Defendant argues that Plaintiff's claims are moot, the Court no longer has subject matter jurisdiction over this action, and the case must be dismissed. [D.E. 34].

Plaintiff concedes that there was an unaccepted offer of judgment, but responds that he could not have accepted the Defendant's offer within the Offer period without prejudicing the class members he sought to represent. Plaintiff contends that the defendant unreasonably refused Plaintiff's offer to accept the defendants offer of judgment once the Court denied Plaintiff's motion for an extension of time to file a motion for class certification [D.E. 44]. Plaintiff further argues that if the Court finds that the FDCPA claim is moot, judgment should be entered consistent with Defendant's offer of judgment [D.E. 44]. Defendant opposes this relief. See Defendant's Reply [D.E. 46].

Federal Rule of Civil Procedure 68 provides that at least fourteen days before trial, a defending party may serve a plaintiff with an offer to allow a judgment on specified terms. Fed.R.Civ.P. 68(a). If the plaintiff accepts the offer within fourteen days, then judgment is entered. Id. if the plaintiff does not accept the offer, the offer is deemed withdrawn. Fed.R.Civ.P. 68(b). Whether or not the plaintiff accepts the offer, "generally, an offer of judgment providing the plaintiff with the maximum allowable relief

[will] moot the plaintiff's FDCPA claim." Moore v. Hecker, 250 F.R.D. 682, 684 (S.D. Fla. 2008)(citations and quotations omitted); See also Mackenzie v. Kindred Hosps. E. LLC, 276 F. Supp.2d 1211, 1218-19 (M.D. Fla. 2003)(dismissing FLSA claim as moot after plaintiff rejected Rule 68 offer where offer exceeded amount plaintiff could have received at trial).

By offering all that Plaintiff could possibly recover on his FDCPA claim, Defendant eliminated a case or controversy. An offer that satisfies Plaintiff's entire claim for relief eliminates the controversy between the parties and leaves nothing for the court to resolve, effectively mooting the action and removing jurisdiction. See Mackenzie, 276 F. Supp. 2d at 1219. Here, the defendant's offer of full relief renders this case moot, even though the plaintiff did not accept the offer. Id. Accordingly, defendant's motion to dismiss [D.E. 34] is granted and judgment is entered in favor of the plaintiff in the amount of the defendant's offer of $1,001.00, plus reasonable attorney's fees and costs.

Based thereon, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [D.E. 34] is **GRANTED**. Plaintiff's FDCPA claim is **DISMISSED** as moot. It is further

**ORDERED AND ADJUDGED** that final judgment shall be entered in favor of Plaintiff, Frank Manfred, II, and against the Defendant, CAB Asset Management, LLC, in the amount of $1,001.00, plus reasonable attorney's fees and costs, as final resolution of the

3

Plaintiff's claims brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a et seq. This final judgment is consistent with the Defendant's offer to settle these claims. (*See* Ex. 1 and 2 to Def.'s Mot. to Dismiss [D.E. 34-1 and 34-2]). This court shall retain jurisdiction to enforce of the judgment. It is further

**ORDERED AND ADJUDGED** that this case is **CLOSED** and all pending motions not addressed by this order are **DENIED as MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of December, 2011.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:  All Counsel of Record